<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HS REAL COMPANY, LLC and COLIN HALPERN, | Civil Action No.12-87 (SRC) |
| Plaintiffs, | **OPINION** |
| v. | |
| ELLIS LESTER SHER, | |
| Defendant. | |

<u>**CHESLER**</u>, District Judge

    This matter comes before this Court on two motions: 1) the motion to dismiss the Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), by Defendant Ellis Lester Sher ("Sher"); and 2) Defendant's motion to dismiss the Complaint for *forum non conveniens*. For the reasons set forth below, the Complaint will be dismissed for lack of personal jurisdiction, mooting the second motion.

    In brief, the Complaint alleges that Plaintiffs and Defendant were parties to a joint venture. Plaintiffs contend that they are citizens of the State of New Jersey. The Complaint contains two claims and asserts that Sher induced Plaintiffs to invest in an entity, Cheval, and both breached his fiduciary duties to them and, more generally, failed to meet his obligation to share in the losses of the joint venture.

    Defendant moves to dismiss the Complaint for lack of personal jurisdiction, contending that Defendant's contacts with the State of New Jersey are insufficient to allow this Court to exercise jurisdiction. Under Third Circuit law, on this motion, Plaintiffs bear the burden of proof

of personal jurisdiction over Defendant:

> The burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, and once a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper. If the district court does not hold an evidentiary hearing, the plaintiff[s] need only establish a prima facie case of personal jurisdiction. Moreover, it is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff.

Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (citations omitted).

Plaintiffs contend that this Court has specific personal jurisdiction over Defendant. The Third Circuit has held:

> The inquiry as to whether specific jurisdiction exists has three parts. First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice.

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (citations omitted). This Court finds that, as to the second prong, Plaintiffs have failed to offer facts which demonstrate a basis for specific personal jurisdiction. Plaintiff relies on the Declaration of Colin Halpern as evidence of the facts relevant to personal jurisdiction. The Declaration asserts that both Plaintiffs, Colin Halpern and HS Real Company, LLC, are citizens of New Jersey, and that this suit arises out of business activities conducted by these entities. The only factual allegations in the Declaration regarding Sher's contacts with New Jersey that are supported by specific detail are those concerning Sher's visit to New Jersey in February of 2006. The Declaration states that, during the week of February 6 through 10, 2006, Sher came to Halpern's office in Paramus, New Jersey for meetings. Some of the days of these meetings "related to Cheval" and "involved

Cheval." (Halpern Dec.¶¶ 16, 19.) Some of the meetings concerned the design of computer systems for Cheval. (Id. at ¶ 18.) Plaintiffs do not contend, however, that there is any connection between the computer discussions and the claims in the Complaint.

    The most pertinent sections of the Halpern Declaration state:

> 20. I specifically recall personally discussing with Sher all aspects of the joint venture, including Cheval, while he was in our Paramus, New Jersey offices. As noted above, the acquisition deal was still not final at the time. At no time during these discussions did Sher disclose the true facts regarding Cheval that, if known by me, would have likely resulted in rejection of the Cheval acquisition and the avoidance of losses alleged in Count I of the complaint. Indeed, Count I specifically seeks damages for this breach of fiduciary duties. This breach occurred, among other times, during our face-to-face meeting in New Jersey in February 2006. I am at a total loss how Sher can in good conscience come to this Court and state under oath that everything he "did in connection with Cheval took place in the U.K." Sher's own emails refute this contention.
>
> 21. The second claim in the complaint is broader and also arises out of Sher's contacts with New Jersey. Specifically, consistent with our joint venture, the second count seeks to hold Sher responsible for his portion of the losses sustained by the partnership across all of the aforementioned projects. Sher attempts to obfuscate our broader relationship by claiming in his declaration that he was merely a passive investor in business endeavors other than Cheval. However, this is not accurate. For example, as alluded to above, Sher had significant involvement in financing of MedTRX and other joint venture projects. As with Cheval, these activities in connection with the joint venture included business meetings in New Jersey as well as communications intended to be received and relied upon in New Jersey.

(Halpern Dec.)

    Paragraph 20 of the Halpern Declaration, quoted above, cites two emails, copies of which are attached to the Declaration as Exhibits E and F. Exhibit E is a document which appears to be an email from Sher, copied to Halpern, which gives a schedule for the week of February 6, 2006; for two of the days, the schedule reads, "Cheval managers." Exhibit F is an invoice from Sher

which does not appear to be evidence of Sher's contact with New Jersey, except insofar as it is a bill sent to a New Jersey entity.

In <u>Sandy Lane</u>, the Third Circuit considered the problem of how to formulate a standard for the "relatedness requirement" –  the test for whether a claim arises out of or relates to a defendant's contacts with the forum.  496 F.3d at 318-323.  The Third Circuit concluded that the test cannot be reduced to any simple rule, but, as a reference point, stated that "specific jurisdiction requires a closer and more direct causal connection than that provided by the but-for test." <u>Id.</u> at 323.  Thus, under <u>Sandy Lane</u>, a "but for" causative link is necessary, but not sufficient, to satisfy the relatedness requirement.

On this motion, Plaintiffs have not demonstrated even a "but for" link between Sher's contacts with New Jersey and either claim.  Plaintiffs assert that Sher did not disclose the "true facts" regarding Cheval at the February, 2006 New Jersey meetings.  For the purposes of satisfying the relatedness requirement, Plaintiffs' theory is more holes than cheese.  There is no basis in the record to infer that these meetings were related to the decision to purchase Cheval.  All that Halpern asserts in his Declaration is that he recalls "discussing" Cheval with Sher in New Jersey.  (Halpern Dec. ¶ 20.)  Halpern does not even assert that, had Sher disclosed the true facts to him <u>at those meetings</u>, he would have rejected the Cheval acquisition.[1]  There is no basis for this Court to infer that, but for Sher's factual omissions at the New Jersey meetings, the acquisition of Cheval would not have occurred.  Given that Plaintiff has shown no basis to infer but-for causation, this Court certainly has no basis to infer that Plaintiff has demonstrated "a

---

[1] Rather, Halpern only makes the more general assertion that, if he had known the true facts about Cheval, he would "likely" have rejected the acquisition.  (<u>Id.</u>)

4

closer and more direct causal connection than that provided by the but-for test." <u>Sandy Lane</u>, 496 F.3d at 323.  As for the second claim, seeking payment for losses as a co-venturer, Plaintiff has not even attempted to demonstrate a connection to any New Jersey contacts.

      Halpern also contends that "Sher's pervasive emails and telephone calls into the forum" constitute personal availment.  (Pl.'s Opp. Br. 15.)  There are two problems here.  First, the assertion is supported by only two specific details in the Declaration.  The Halpern Declaration states generally that there were "countless telephone calls" and that "Sher regularly sent emails."[2] (Halpern Dec. ¶ 23.)  Halpern offers evidence of two specific emails that Sher sent to Plaintiff or his employees in New Jersey, and no evidence of specific telephone calls.  These general assertions have not been supported by sufficient evidence.  Second, the main obstacle for Plaintiff here is the relatedness requirement.  Plaintiff has not even tried to demonstrate that either claim arises out of Sher's telephone or email contacts with New Jersey.

      Plaintiff has failed to prove by affidavits or other competent evidence that this Court has personal jurisdiction over Defendant.  Defendant's motion will be granted, and this Court will dismiss this Complaint for lack of personal jurisdiction.  This moots the motion to dismiss for *forum non conveniens*.

                                                s/Stanley R. Chesler
                                                STANLEY R. CHESLER
                                                United States District Judge

Dated: July 24, 2012

---

[2] The exhibits to the Halpern Declaration contain a number of documents identified as emails from Sher.  Plaintiff points to only two as emails sent to someone in New Jersey.